UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TARIQ S. WARE,<br>Petitioner,<br>v.<br>CALIFORNIA SUPERIOR COURT SACRAMENTO COUNTY,<br>Respondent. | Case No. 2:26-cv-2793-JDP (P)<br><br>ORDER; FINDINGS AND RECOMMENDATIONS |

Petitioner, a state prisoner, filed this section 2254 action seeking federal habeas relief. After review of the initial petition, I found that his claim appeared unexhausted insofar as petitioner acknowledged that he had not presented it to the California Supreme Court before filing this federal habeas action. ECF No. 6. I offered petitioner an opportunity to amend and explain why, if at all, the action should still proceed. He has filed an amended petition, ECF No. 7, wherein he argues that he did not present the claim to the highest state court because it relies on the Supreme Court's recent decision in *Chatrie v. United States*, 146 S. Ct. 2193 (2026). In essence, he appears to argue that, because *Chatrie* is, in his words, a watershed case, he is not required to exhaust it in state court. ECF No. 7 at 7. I disagree and now recommend that the petition be dismissed for failure to exhaust. Petitioner should present his claim to the highest state court before it is considered in a federal habeas action.

The petition is before me for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. Under Rule 4, the judge assigned to the habeas proceeding must examine the habeas petition and order a response to the petition unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).

Before a federal habeas court can consider a petitioner's claims, he is first required to present them to the highest state court. *See* 28 U.S.C. §§ 2254(b)-(c); *see also Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) ("A petitioner must exhaust his state remedies by reaching the point where he has no state remedies available to him at the time he files his federal habeas petition."). The Supreme Court's decision in *Teague v. Lane*, held that "[u]nless they fall within an exception to the general rule, new constitutional rules of criminal procedure will not be applicable to those cases which have become final before the new rules are announced." 489 U.S. 288, 310 (1989). Generously, it may be argued that petitioner's claim falls into an exception, namely that the new rule "should be applied retroactively if it requires the observance of those procedures that . . . are implicit in the concept of ordered liberty," and "implicate[s] the fundamental fairness of the trial." *Id.* at 312. If so, however, he is still required to exhaust that claim in state court. *See Blair v. California*, 340 F.2d 741, 744 (9th Cir. 1965); see also Campanale v. Harris, 724 F.2d 276, 282 (2d. Cir. 1983) ("Although the potential for friction is present whenever a federal court considers a state prisoner's habeas petition, that potential is increased greatly in a case, like the instant one, in which the petitioner seeks retroactive application of a Supreme Court decision rendered after the state courts have considered his case. In such situations the state courts should have the opportunity to apply the law as changed before the petitioner's remedies are considered exhausted.").

Accordingly, it is ORDERED that the Clerk of Court shall assign a district judge to this case.

Further, it is RECOMMENDED that the amended petition, ECF No. 7, be DISMISSED as unexhausted.

These findings and recommendations are submitted to the United States District Judge

assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: October 15, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE